**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 15-00908-VAP (KKx)                     Date:  May 8, 2015

Title:     BONMA ENTERPRISE LLC -*v*- POLLY J. ROBATEAU; DOES 1-10
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

        None                                     None

PROCEEDINGS:        MINUTE ORDER REMANDING CASE TO CALIFORNIA
                    SUPERIOR COURT, COUNTY OF SAN BERNARDINO (IN
                    CHAMBERS)

     On March 6, 2015, Bonma Enterprise LLC ("Plaintiff") filed a Complaint for
Unlawful Detainer against Polly J. Robateau ("Defendant").  (<u>See</u> Complaint
included as Exh. A to Notice of Removal (Doc. No. 1).)  On May 8, 2015, Defendant
removed the action on the basis of federal question and diversity jurisdiction.  (<u>See</u>
Not. of Removal.)  For the following reasons, the Court REMANDS the action to the
California Superior Court, County of San Bernardino.

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth
Circuit applies a strong presumption against removal jurisdiction, ensuring "the
defendant always has the burden of establishing that removal is proper."  <u>Gaus v.
Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-
Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford</u>

**EDCV 15-00908-VAP (KKx)**
**BONMA ENTERPRISE LLC v. POLLY J. ROBATEAU**
**MINUTE ORDER of May 8, 2015**

<u>Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant alleges the basis for removal is federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332. From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. <u>See Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

Defendant alleges federal question jurisdiction under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201. The Complaint in this matter, however, raises a single claim for unlawful detainer. Therefore, the Court must conclude that Defendant intends to raise this federal claim as a defense.

Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of a federal defense (by itself) does not raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

Defendant also argues that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, but Defendant cannot meet the amount-in-controversy requirement for diversity jurisdiction. In unlawful detainer actions, only the right to possession is at issue, not the title to the property. <u>See Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 170 (1977). Thus, the amount in controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property. <u>Id.</u> Plaintiff filed this action as a "limited jurisdiction" case, where the amount in

MINUTES FORM 11                                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                              Page 2

controversy does not exceed $10,000.  (<u>See</u> Complaint at 1.)  As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.

Thus, Defendant has not met her burden of establishing that the case is properly in federal court.  Accordingly, the Court REMANDS this matter to the California Superior Court, County of San Bernardino.

**IT IS SO ORDERED.**